UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA *et al. ex rel.* MARTINEZ *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>APRIA HEALTHCARE GROUP, INC., and APRIA HEALTHCARE LLC,<br><br>Defendants. | 17 Civ. 1059 (ER)<br><br>**STIPULATION AND ORDER OF SETTLEMENT AND RELEASE BETWEEN THE UNITED STATES AND THE RELATORS** |

WHEREAS, this Stipulation and Order of Settlement and Release (the "Relator Stipulation") is entered into between the United States of America (the "United States"), by its attorney, Audrey Strauss, the Acting United States Attorney for the Southern District of New York, and relators Benjamin Martinez, Jr., Connie Morgan, and Chris Negrete ("Relators" and, together with the United States, the "Parties"), through their counsel;

WHEREAS, on or about February 13, 2017, Relators filed a complaint in the above-captioned action in the United States District Court for the Southern District of New York (the "Court") under the *qui tam* provisions of the False Claims Act, as amended, 31 U.S.C. § 3729 *et seq.* (the "FCA"), and state false claims laws alleging, *inter alia*, that defendants Apria Healthcare Group, Inc. and Apria Healthcare LLC (together, the "Defendants") violated the FCA and state false claims laws (the "Relator Action");

WHEREAS, on or about March 18, 2018, Relators filed a corrected second amended complaint against Defendants (together with the Relators' original complaint and first amended complaint, the "Relator Complaint"), alleging that Defendants violated the FCA, the Anti-Kickback Statute (the "AKS"), 42 U.S.C. § 1320a-7b(b), and state false claims laws by billing government healthcare programs like Medicare and Medicaid for rentals of non-invasive

ventilators ("NIVs") – such as the Trilogy NIVs manufactured by Philips and the Astral NIVs manufactured by ResMed – that were not being used by patients, or that were being used in a therapy mode that did not qualify for the NIV billing codes, and by offering co-pay waivers as inducements to NIV patients;

WHEREAS, on or about December 15, 2020, the United States filed a complaint-in-intervention ("Government Complaint"), asserting claims against Defendants for allegedly violating the FCA and the AKS by submitting false claims to Medicare, Medicaid, TRICARE, and FEHBP (collectively, the "Federal health programs") to seek reimbursement for NIV rentals (*i*) when the NIVs were not medically necessary or reasonable due to the lack of continued use or continued need by the beneficiaries; (*ii*) when certain Astral NIVs, which were only to be used in a bi-level pressure support setting called Pressure Assist Control mode ("PAC mode"), were not medically necessary or reasonable; or (*iii*) where Apria induced Medicare and TRICARE beneficiaries to rent, or healthcare providers to prescribe, the NIVs by waiving the required coinsurance payments ("co-pays") without individualized determinations of financial need in violation of the AKS (the "Covered Conduct");

WHEREAS, on or about December 15, 2020, the United States, Defendants, and the Relators executed a Stipulation and Order of Settlement and Dismissal (the "Settlement Stipulation");[1]

WHEREAS, pursuant to Paragraph 3 of the Settlement Stipulation, Defendants agreed to pay the United States the sum of $37,632,789.89, plus interest which shall be compounded annually at a rate of 1.25% accruing from September 24, 2020, to the date of the payment (the "Federal Settlement Amount") in accordance with instructions to be provided by the Financial

---

[1]   Defendants also plan to enter into separate settlement agreements with various States (the "State Settlements") to resolve claims under state false claims laws for the Covered Conduct.

Litigation Unit of the United States Attorney's Office for the Southern District of New York to resolve the claims of the United States for the Covered Conduct;

WHEREAS, the Relators have asserted that, pursuant to 31 U.S.C. § 3730(d)(l), they are entitled to receive a portion of the Settlement Amount (the "Relator Share Claim"); and

WHEREAS, the Parties mutually desire to reach a full and final compromise of the Relator Share Claim pursuant to the terms set forth below.

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relator Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. Contingent upon receipt by the United States of full payment due to the United States under Paragraph 3 of the Settlement Stipulation, the United States will pay Relators, c/o SUSMAN GODFREY LLP, as attorneys for the Relators ("Relators' Counsel"), 19.5 percent (19.5%) of the payment of the Federal Settlement Amount ($7,338,394.03, plus 19.5% of applicable interest) received from Defendants in accordance with written instructions provided by Relators' Counsel and within a reasonable time after receipt of the payment of the Federal Settlement Amount by the United States. The obligation to make the payment to the Relators under this Paragraph is expressly conditioned on, and only arises with, the receipt by the United States of the payment of the Federal Settlement Amount from Defendants as required by the Settlement Stipulation. In the event that Defendants fail to make such payment required by the Settlement Stipulation, the United States shall have no obligation to make any payment to the Relators.

2. Relators, for themselves and their heirs, successors, attorneys, agents, and assigns, agree that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Stipulation, including but not limited to the Federal Settlement Amount,

pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law, and expressly waive the opportunity

for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B) or other applicable law.

3.   In agreeing to accept payment of the Relators' share set forth in Paragraph 1 above,

and upon payment thereof, Relators, for themselves and their heirs, successors, attorneys, agents,

and assigns, release and are deemed to have released and forever discharged the United States and

its agencies, officers, employees, servants, and agents from any claim for a share of any proceeds

of the Settlement Stipulation pursuant to 31 U.S.C. § 3730 or other applicable law, and from any

and all claims against the United States and its agencies, officers, employees, servants, and agents

arising from or relating to the Settlement Stipulation or any claim in the Relators' Action or the

Government Complaint.

4.   This Relator Stipulation does not resolve or in any manner affect any claims the

United States has or may have against Relators arising under Title 26, U.S. Code (Internal Revenue

Code), or any claims that the Parties may have arising under this Relator Stipulation.

5.   The United States and Relators agree that if the Settlement Stipulation is held by a

court not to be "fair, adequate, and reasonable," as required under 31 U.S.C. § 3730(c)(2)(B), this

Relator Stipulation is null and void.

6.   This Relator Stipulation shall inure to the benefit of and be binding only on the

Parties, their successors, assigns, and heirs.

7.   This Relator Stipulation shall become final, binding, and effective only upon entry

by the Court.

8.   This Relator Stipulation constitutes the entire agreement of the Parties with respect

to the subject matter of this Relator Stipulation and may not be changed, altered, or modified,

except by a written agreement signed by the Parties specifically referring to this Relator

Stipulation.

4

9.   This Relator Stipulation is governed by the laws of the United States.  The exclusive jurisdiction and venue for any dispute relating to this Relator Stipulation is the United States District Court for the Southern District of New York.  For purposes of construing this stipulation, this Relator Stipulation shall be deemed to have been drafted by all Parties to it and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

10. This Relator Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

Agreed to by:

**THE UNITED STATES**

Dated:      New York, New York
            December 15, 2020

                                        AUDREY STRAUSS
                                        Acting United States Attorney

                            By: _____
                                        LI YU
                                        STEVEN J. KOCHEVAR
                                        Assistant United States Attorneys
                                        86 Chambers Street, Third Floor
                                        New York, New York 10007
                                        Tel.:   (212) 637-2734/2715
                                        *Counsel for the United States*

5



**THE RELATORS**

Dated: December __, 2020

By: _____
     BENJAMIN MARTINEZ, Jr.
     *Relator*

By: *Connie Morgan*
     CONNIE MORGAN
     *Relator*

By: _____
     CHRIS NEGRETE
     *Relator*

Dated: New York, New York
       December 12, 2020

       SUSMAN GODFREY LLP

By: _____
     [_____]
     1301 Avenue of the Americas
     New York, NY 10019
     *Relators' Counsel*

       **SO ORDERED:**

       _____
       HON. EDGARDO RAMOS
       UNITED STATES DISTRICT JUDGE

       Dated:                , 2020

December __, 2020

AUDREY STRAUSS

Acting United States Attorney

By: _____

LI YU

STEVEN J. KOCHEVAR

Assistant United States Attorneys

86 Chambers Street, Third Floor

New York, New York 10007

Tel.:        (212) 637-2734/2715

*Counsel for the United States*

**THE RELATORS**

Dated:        December 12, 2020

By: _____

BENJAMIN MARTINEZ, Jr.

*Relator*

By: _____

CONNIE MORGAN

*Relator*

By: _____

CHRIS NEGRETE

*Relator*

Dated:        New York, New York

          December __, 2020

SUSMAN GODFREY LLP

By: _____

[_____]

1301 Avenue of the Americas

New York, NY 10019

*Relators' Counsel*

SO ORDERED:

_____

HON. EDGARDO RAMOS

UNITED STATES DISTRICT JUDGE

Dated:                    , 2020

6

STEVEN J. KOCHEVAR
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Tel.:      (212) 637-2734/2715
*Counsel for the United States*

**THE RELATORS**

Dated:      December 12, 2020

By:      _____

BENJAMIN MARTINEZ, Jr.
*Relator*

By:      _____

CONNIE MORGAN
*Relator*

By:      _____

CHRIS NEGRETE
*Relator*

Dated:      New York, New York
         December ___, 2020

SUSMAN GODFREY LLP

By:      _____

[_____]

1301 Avenue of the Americas
New York, NY 10019
*Relators' Counsel*

**SO ORDERED:**

_____

HON. EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE

Dated:            , 2020

6

**THE RELATORS**

Dated: December __, 2020

By: _____
  BENJAMIN MARTINEZ, Jr.
  *Relator*

By: _____
  CONNIE MORGAN
  *Relator*

By: _____
  CHRIS NEGRETE
  *Relator*

Dated: New York, New York
    December __, 2020
       15

SUSMAN GODFREY LLP

By: _____
  [          ]Steven M. Shepard, Partner
  1301 Avenue of the Americas
  New York, NY 10019
  *Relators' Counsel*

**SO ORDERED:**

_____
Edgardo Ramos, U.S.D.J
Dated:   12/18/2020
New York, New York

7